UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAFFNE PAMELA OTERO CURENO, A-207-415-536<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et. al.,<br>Respondents. | No. 1:26-cv-03320-DAD-ICD (HC)<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her detention by U.S. Immigration and Customs Enforcement (ICE). ECF No. 1. Also pending before the Court is Respondents' motion for dissolution or modification of the Court's no-transfer order (ECF No. 17), which Petitioner opposed (ECF No. 19). Respondents filed a reply. ECF No. 21. For the following reasons, this Court recommends that, while prudential exhaustion should not be imposed, the petition be denied without prejudice and the motion for dissolution or modification be denied as moot.

**I. BACKGROUND**

Petitioner was born in Mexico, has lived in the United States since 2000, and was a recipient of Deferred Action for Childhood Arrivals (DACA) status from 2014 until it lapsed in 2019. ECF No. 16, p. 2. Petitioner was detained by ICE on March 18, 2026. ECF No. 1, p. 5.

Petitioner filed her habeas petition along with a motion to appoint counsel. ECF Nos. 1, 3. The district judge construed the pro se petition as a motion for temporary restraining order (TRO) and directed briefing on the matter. ECF No. 7. Respondents argued that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c) and that the petition should be denied because she failed to challenge her inclusion in the mandatory detention category before the agency. ECF No.

9, pp. 2-4. The district judge denied the motion for a TRO without prejudice, finding that "Petitioner has not exhausted her administrative remedies by requesting a Matter of Joseph hearing." ECF No. 10 (citing analysis in Buckley v. Chestnut, No. 1:26-cv-02624-DAD-JDP, 2026 WL 1030931, at *2-4 (E.D. Cal. Apr. 16, 2026)).

This Court subsequently granted Petitioner's motion for counsel (ECF No. 8), directed further briefing, and enjoined Petitioner's transfer outside this judicial district. ECF No. 14. Respondents filed an answer incorporating the arguments from their prior filing (ECF No. 15), and Petitioner's counsel filed a reply. ECF No. 16.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

### A. Motion to Dissolve No Transfer Order

Respondents argue in their motion to dissolve or modify the no-transfer order that the posture of this case has changed and that Petitioner is now the subject of a final order of removal because she waived appeal from the immigration judge's August 13, 2026 order of removal to Mexico. ECF No. 17 (citing ECF No. 14, Exh. A). Petitioner argues that Respondents fail to establish that Petitioner is subject to a final order of removal because "a checked 'waived' box on a summary order form establishes, at most, that the immigration judge recorded a waiver . . . It does not, without evidence of a valid waiver, establish the finality Respondents assert." ECF No. 19, p. 3.

The undersigned finds that upon the resolution of the underlying petition, the prior interim order will no longer be in effect. Given that these findings and recommendations address the ultimate merits of the petition, the matter will be fully resolved upon the district judge's review.

Therefore, the undersigned recommends that the motion to dissolve or modify the no-transfer order be denied as moot.

**B. Exhaustion**

In contrast to 28 U.S.C. § 2254, which requires habeas corpus petitioners in state custody to exhaust administrative remedies, § 2241 does not specifically require petitioners to exhaust direct appeals. Castro-Cortez v. INS, 239 F.3d 1037, 1047 n. 11 (9th Cir. 2001), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30, 126 S. Ct. 2422, 165 L. Ed. 2d 323 (2006)). The exhaustion requirement under § 2241 is therefore prudential rather than jurisdictional. Id. In determining whether to impose prudential exhaustion, courts consider whether:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.
>
> Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotations omitted).

However, "even if the three Puga factors weigh in favor of prudential exhaustion, a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" Id. (citing Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)).

Respondents argued, and the district judge agreed, that the petition should be denied for failure to exhaust because Petitioner can request a Matter of Joseph hearing to challenge the determination that her detention is pursuant to § 1226(c). ECF Nos. 9, 10. Following the appointment of counsel, Petitioner filed a reply arguing that exhaustion should not be required here because Petitioner is not challenging her designation under § 1226(c) but raising a due process challenge to her prolonged detention – an issue that could not be addressed in a Matter of Joseph hearing. ECF No. 16. The undersigned agrees with Petitioner and finds that a habeas petition provides the only opportunity for Petitioner to raise her constitutional claim. Therefore, the undersigned recommends that prudential exhaustion not be imposed.

**C. Detention Authority**

The most important consideration in determining whether immigration detention is mandatory or discretionary, and the process afforded to the detainee to challenge such detention, is the specific statute and section under which the individual falls. See Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). The Immigration and Nationality Act mandates the detention of noncitizens who are "inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). These offenses include "a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of title 21)." 8 U.S.C. § 1182(a)(2)(A)(i)(II).

Respondents state that Petitioner has convictions arising from "some generic controlled substance conduct" but concede that "Nevada's controlled substances law lists some substances that are not on the federal controlled substance schedule and so a conviction for violating the controlled substances statute 'is not categorically for violation of a law relating to a controlled substance.'" ECF No. 9, p. 5 (quoting Madrigal-Barcenas v. Lynch, 797 F.3d 643, 645 (9th Cir. 2015). Thus, it is not clear from the record that Petitioner is inadmissible pursuant to § 1182(a)(2)(A)(i)(II). However, because Petitioner does not challenge her designation, this Court assumes without deciding that Petitioner is subject to mandatory detention pursuant to § 1226(c).

**D. Prolonged Detention**

Petitioner argues her detention is unreasonably prolonged and due process entitles her to an individualized bond hearing. ECF No. 1, pp. 8-10. According to Petitioner, "three-factor balancing of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), confirms that Petitioner is entitled to a hearing" and at such hearing, the burden should be placed on the government to establish by clear and convincing evidence that continued detention is justified. ECF No. 16, p. 9 (citing Singh v. Holder, 638 F.3d 1196, 1203-08 (9th Cir. 2011)). Respondents argue that Petitioner's detention is constitutional because the detention serves an immigration purpose and the detention will end when removal proceedings conclude. ECF No. 9, p. 6.

The Fifth Amendment Due Process Clause prohibits government deprivation of an

individual's life, liberty, or property without due process of law. Hernandez v. Sessions, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent.").

Courts examine due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989).

Individuals have a "substantial" private interest in freedom from prolonged detention. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022)("an individual's private interest in 'freedom from prolonged detention' is 'unquestionably substantial'"). Courts finding protected liberty interests in freedom from detention under § 1226(c) have based their findings on detention longer than six months. See Pacheco v. Warden, 2026 WL 1067486, at *4 (E.D. Cal. Apr. 17, 2026), findings and recommendations adopted, 2026 WL 1169236 (E.D. Cal. Apr. 28, 2026) (finding petitioner detained for over one year pursuant to §1226(c) had protected liberty interest); Lopez v. Warden, 2026 WL 834573, at * 3 (E.D. Cal. Mar. 26, 2026) (finding petitioner detained for over ten months pursuant to § 1226(c) had protected liberty interest).

Petitioner has been in detention since March 18, 2026, which is less than six months. Given that Petitioner has been detained for less than six months, the undersigned finds that Petitioner does not yet have a protected liberty interest in freedom from detention. Thus, the undersigned finds that Petitioner has not yet been subjected to prolonged detention and will therefore recommend that the petition be denied without prejudice.

## III. CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1), be DENIED WITHOUT PREJUDICE; and
2. The motion for dissolution or modification of the Court's no-transfer order (ECF

No. 17), be DENIED AS MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **7 days** after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 15, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE